*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 17-BG-1247

IN RE DOMINIC G. VORV, RESPONDENT.

FILED **11/30/2017**
District of Columbia
Court of Appeals

*Julio Castillo*
Clerk of Court

A Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 470139)

On Report and Recommendation of the Board on Professional Responsibility
Ad Hoc Hearing Committee

Approving Petition for Negotiated Discipline
(DDN 314-14)

(Decided: November 30, 2017)

Before GLICKMAN and MCLEESE, *Associate Judges*, and STEADMAN, *Senior Judge*.

PER CURIAM: This decision is non-precedential. Please refer to D.C. Bar R. XI, § 12.1 (d) governing the appropriate citation of this opinion.

In this disciplinary matter, the District of Columbia Court of Appeals Board on Professional Responsibility Ad Hoc Hearing Committee (the Committee)

recommends approval of a petition for negotiated attorney discipline. The violations stem from respondent Dominic G. Vorv's professional misconduct arising from acts or omissions during the course of his representation of one client in post-conviction and immigration proceedings. In brief, after the client had pleaded guilty and been convicted of burglary in the Circuit Court of Fairfax County, Virginia, the United States Department of Homeland Security instituted proceedings for his removal on the premise that he had been convicted of an "aggravated felony" as defined by the Immigration and Nationality Act, *see* 8 U.S.C. § 1101 (a)(43)(G). In attempting to forestall his client's removal, respondent made several missteps that jeopardized his client's rights. First, respondent petitioned the Virginia Circuit Court to vacate his client's conviction and guilty plea based on the mistaken claim that the court had failed to advise his client about the potential immigration consequences of the conviction. Thereafter, without consulting his client, respondent dismissed the petition, conceded removability before the Immigration Court, and did not seek to challenge or delay his client's deportation on any other ground. Ultimately, the client retained new counsel who successfully argued against removal on the ground that the burglary offense for which he had been convicted was not an "aggravated felony" within the meaning of the Immigration and Nationality Act.

Respondent acknowledged that he (1) failed to provide competent representation and serve his client with skill and care; (2) failed to explain a matter to the client; and (3) engaged in conduct that seriously interfered with the administration of justice, thereby violating Rules 1.1 (a) & (b), 1.4 (b) and 8.4 (d) of the District of Columbia Rules of Professional Conduct. In mitigation, the Committee considered the fact that respondent knowingly and voluntarily acknowledged the facts and misconduct and does not have a prior history of discipline. As a result, Disciplinary Counsel and respondent negotiated the imposition of discipline in the form of a thirty-day suspension, stayed, and one year of probation during which respondent must (1) contact the District of Columbia Bar's Practice Management Advisory Service (PMAS) within thirty days of the commencement of the probationary period and schedule and obtain an assessment; (2) implement any PMAS recommendations; (3) provide PMAS with a signed release waiving confidentiality so Disciplinary Counsel can verify respondent obtained an assessment; (4) join the American Immigration Lawyers' Association (AILA), or an equivalent organization; (5) enroll in and attend ten CLE hours pertaining to immigration law; (6) submit proof of both his enrollment in AILA, or an equivalent organization, and his completion of ten CLE hours pertaining to immigration law; and (7) not be found to have engaged in any ethical misconduct. After reviewing the amended petition for negotiated discipline,

considering a supporting affidavit, conducting a limited hearing, reviewing Disciplinary Counsel's files and records, and holding an ex parte meeting with Disciplinary Counsel, the Committee concluded that the petition for negotiated discipline should be approved.

In accordance with our procedures in uncontested disciplinary cases, we agree this case is appropriate for negotiated discipline. We accept the Committee's recommendation because the Committee properly applied D.C. Bar R. XI, § 12.1 (c), and we find no error in the Committee's determination. Based upon the record before the court, the negotiated discipline of a thirty-day suspension from the practice of law, stayed, and one year of probation with the conditions set forth above is not unduly lenient considering the discipline imposed by this court for similar actions.[1] Accordingly, it is

---

[1] *In re Mance*, 869 A.2d 339 (D.C. 2005) (suspending an attorney for thirty days with the suspension conditionally stayed during a one-year probationary period after the attorney (1) failed to timely pursue a client's case on appeal or protect his client's rights; (2) neglected to move to have his client's sentence reduced based on merger; (3) failed to communicate with his client; and (4) delayed moving to withdraw from the case after the client sought to terminate his engagement); *In re Dunietz*, 687 A.2d 206 (D.C. 1996) (concluding a thirty-day suspension, with a stay conditioned upon satisfactory completion of probation, was warranted for an attorney, with no prior discipline history, who neglected a single
( continued…)

ORDERED that Dominic G. Vorv is hereby suspended from the practice of law in the District of Columbia for thirty days, stayed, and is placed on one year of supervised probation during which respondent must (1) contact PMAS within thirty days of the commencement of the probationary period and schedule and obtain an assessment; (2) implement any PMAS recommendations; (3) provide PMAS with a signed release waiving confidentiality so Disciplinary Counsel can verify respondent obtained an assessment; (4) join AILA or an equivalent organization; (5) enroll in and attend ten CLE hours pertaining to immigration law; (6) submit proof of both his enrollment in AILA, or an equivalent organization, and his completion of ten CLE hours pertaining to immigration law; and (7) not be found to have engaged in any ethical misconduct.

*So ordered.*

---

(…continued)
client by failing to act promptly, pursue the client's objectives, and communicate with the client).